This is a procedurally convoluted case. Before I even get into the issues, I just want to highlight a few things. First of all, of course, there's the issue of whether this court even has jurisdiction to hear the appeal. And next, in the over a year that it took for the district court to deny Mr. Haithcock's motion for stay and to address the appeal, he has finished exhausting his two claims in state court, so he no longer needs a stay. But it's not new, because in the two years that have passed since he exhausted his claims, while his appeal was winding its way through district court and now this court, the Ed Post statute of limitations has expired. So he had the entire year left when he finished exhausting his claims in March 2007, but now he's out of time. Kagan, help me understand this better. I did really puzzle over the jurisdictional convolutions here. The motion that he's saying was erroneously denied was a motion for stay in advance. Yes. That now is moot in the sense that there's nothing more to obey, because those state claims are now exhausted. Yes. So the specific request he's making, there's nothing we can do about that. Right. So we would find, if we found that the district court's determination was erroneous in abuse of discretion, then what remedy is it that we could give in light of the statute of limitations under AEDPA having now run on those now exhausted state claims? Well, if the district court hadn't erroneously denied, had granted him a stay, then he would have been able to add his claims to his petition and have them heard on the merits. I — Sorry. Go ahead. No, you go. But so do we roll back? I mean, I look for a case where we rolled back and we discussed whether we could roll back the AEDPA statute of limitations. And there are some cases that we've had equitable tolling of it, but you haven't requested that relief here. And so I'm wondering what case says, okay, well, if the statute of limitations has run but there was an error, we can ignore the statute of limitations having run and roll back the clock. Is there a case on point? I don't believe there is a case that has this particular fact pattern, but it would come under — if it went back to the district court and it came down to that this district court had discretion in denying the motion for stay, that that would be grounds for equitable tolling and he would be able to sort of have his claims relayed back to his original petition. So clarify. Exactly what are you asking us to do? We're asking that you direct the district court to allow him to add his claims back, to add his two exhaustive claims to his original petition. And those are the ones that the statute has run against. Exactly. Now, you're — the Petitioner could have made a motion to amend the habeas petition. And that I can understand. We would say, well, it was an error not to allow that motion. But he didn't make that motion to amend his existing habeas petition. He hasn't yet because he's not exact — I mean, he's pro se in district court. He doesn't have a — I don't think he has a detailed knowledge of the requirements of relishing back and adding to his petition. So he's — he was just waiting until the district — you know, waiting for the district court to figure out what's going on with his stay, and then he's been waiting for his appeal, and it's been two years, and now he's kind of in this procedural morass. That wasn't his own — he had nothing to do with the position that he's in. If we rule against you on the jurisdictional issue, where does that leave you, and what will you then — what will you and your client then do? Well, he would be stuck. He would have to wait until the district court ruled on the merits of his petition before he — So his exhausted claims are pending before the district court, and the district court can go forward on them. Right. But hasn't yet. But it's just waiting to see. Right. And it's been three years, and nothing's happened on his remittance. And then on appeal from that, he'd be able to bring up the issue that you're trying to bring to us now. On appeal from that, he would — Under federally. He would be able to raise, again, the issue of the denial of the abuse of discretion, but — And because of that, why doesn't that suggest that we don't have jurisdiction now? Because he can raise it later on. Well, I think part of the — an order is also effectively unreviewable if it involves an asserted right, the value of which would be destroyed if it weren't vindicated before final judgment. So he has the right to have his habeas claims finally heard. And he's doing a 10-year sentence. He's scheduled to be released in 2011. So if this Court makes him wait until the district court orders up a final judgment and then appeals the denial of state — That's practically true. I agree with you. It's messy. But, you know, nonetheless, if we don't have jurisdiction, we can't do what might be smart. Yes. I think also, from a procedural standpoint, even if — even if he were to wait until his — the final judgment and appeal the denial of state, and this Court deemed that the district court had abuse of discretion, at that point, it would have to send the case back again before it would hear the rest of his appeal. So this particular issue would still be heard separately from any other issues on appeal. I'm not sure I see why his equities particularly commend themselves. The only reason he has the time problem at all is that he didn't raise his unexhausted issues before. He had a fair amount of time in state court when he could have raised them. We have to stretch Cohen pretty far to find jurisdiction in this case, since it's interlocutory. I don't get it. Why should we just look at his problem now instead of looking at it way earlier? And in a case where the problem does arise later, then you've got — you may have cause and prejudice or the schluck gateway or one of the excuses that lets you do a second or successive. He's actually been extremely diligent in filing. He filed his 2254 immediately after the Supreme Court, the California Supreme Court, denied review. He didn't file any state court petitions before he filed his Federal petition, but that's because he didn't find out about his claim until later. And that, I mean, if we ever get from there, there's good cause issues.  Is this all about his attempts to get rid of his court-appointed counsel and the trial judge turning him down over and over again because he didn't think his lawyer was communicating with him enough? That was his original claim. That's his — that was the — he filed two claims originally. One was the margin motion, the motion to substitute, and one was the — I think it was a Blakeley claim. And then his new claims that he just — that he exhausted two years ago separately are IAC and Confrontation Clause. So not like an actual innocence claim that would have a secondary — that might be able to surmount the secondary successes? That's correct. Barrier. Why couldn't he have raised the Confrontation Claim earlier? He didn't know. I mean, I think if we're going to get to the good cause, he — this was something he's not versed in the law. He explained to the district court when he — What is the Confrontation Claim exactly? I think he's saying that one of the witnesses that testified — I actually didn't look deep into the merits, but one of the witnesses that testified, he didn't have a chance to confront and I don't have — I think it's something to do with hearsay testimony coming in. It sounds like, gee, I just thought of this, so I want you to twist your collateral order, interlocutory review, jurisprudence all around so that I'm not foreclosed from doing something I should have done on direct appeal. Well, I think — I think it's also worth mentioning that he — that he, as alternatively to his — an alternative request to the — to marshal for stay and abeyance in the district court, he requested that, okay, if you can't give me my stay, please dismiss my petition without prejudice so I can be found at a later date. And the district court ignored — ignored that. But there — there, what we get to is just what Judge Trotz brought up. If we decide the district judge erred in denying this motion, we can say that he erred in our decision in the case. If it's all final, it comes up. Right. Yes, I — I — A lot of people in all sorts of contexts are not able, as a practical matter, to take during the tenancy of the litigation. That's the brakes for most people. Occasionally, some exception is found because of some really strong equities compelling a new path through the law, and I don't see them here. Well, I think that there are really strong equities here because — because, one, the district court, first of all, erred in denying the stay. And second of all, it ignored the alternative request to have his petition dismissed without prejudice. And if the district court had just addressed that — that alternative request and dismissed — On the dismissal without prejudice, there are two different things. On the stay, if we got to the merits of it, I don't really see why the judge was wrong. The Supreme Court — our Court had been fairly strong on encouraging stays, and the Supreme Court said, nope, if it — this was in mixed petition cases. They said, nope, dismiss him, and imposed a fairly strict requirement for getting a stay pending exhaustion. So it looks like under that Rhines case, denying the stay was probably fine. The dismissal is a different thing. And here he is, a plaintiff with a complaint, and there's no answer. It's a little hard for me to see why the — why he doesn't have an absolute right to dismiss his own complaint. And devil take the hindmost if it winds up hurting him. But I don't know that we have jurisdiction over it, because it's an interlocutory order. Just to address the Rhines issue, this was an exhausting petition, so Rhines doesn't even apply, because Rhines applies to mixed petitions. And the district court should have — Rhines applies to stay in advance. Of a mixed petition. Well, there's no case, at least maybe you can point me to a case that even looks at stay in advance when it's a fully exhausted claim and the petitioner just has some new ideas. But could I ask you, did you ask for a certificate of appealability on the dismissal issue? On the dismissal of — That the district court erred in not dismissing the case? Because I don't think we have a certificate of appealability on that one. And I'm not sure you — did you ask for it? I don't. I think it was ruled under the abuse of discretion in denying the stay. So it wasn't specifically requested? I don't think — Okay. There was a specific request. Okay. Thank you. Thank you, counsel. Thank you. Good morning. I please the Court. Deputy Attorney General Heather Crawford appearing on behalf of Respondent Appelli. Before I address the collateral order doctrine, I'd like to correct an error in Appelli's brief. On page 12, the explanatory parenthetical following the citation to federally is incorrect. The district court in that case did not dismiss the exhausted petition after denying the stay and obey motion. Rather, it issued a final judgment on the petition. Then in the course of — in the normal course of appeal, this court considered whether the district court properly denied that stay and obey motion. Turning to the collateral order doctrine, the collateral order doctrine does not apply to the denial of a stay and obey motion because it is not effectively unreviewable in the normal course of appeal. But let me ask you, what happens — we have to say, in order to say that the collateral order doctrine doesn't allow us to review the denial of the stay and abeyance motion, we have to say that some relief is available at the point where the district court has dismissed the — or denied the petition and it's appealed. And so on appeal, we have to be able to provide some relief. Can you explain to me what sort of practical, actual relief, whatever the words are, we could provide in reviewing the erroneous denial of a stay and abeyance motion? That was something that I struggled with in preparing for this argument, Your Honor. What I can say is that in Jackson v. Roe, this court considered the denial of a stay and obey motion following the dismissal of a petition and remanded it to the district court. And this court specifically said that the district court would have to grapple with those very issues, whether the relation back doctrine would apply and whether the statute of limitations would prohibit the petitioner from being able to amend his petition. In this case, Hayscock never even moved to amend his petition. He had ample time to do so two years ago, almost two years ago since — in March of 2007, after he failed to move to amend that has brought us to this position. Counsel, could you help me on a different issue? The voluntary dismissal. He said, please stay and obey, and if you won't do that, dismiss. Rule 41A1A1 says that the plaintiff may dismiss an action without court order by filing a notice of dismissal before the opposition party serves either an answer or a motion for summary judgment. I've always understood that to mean that the plaintiff has an absolute right to dismiss his own case when there's no answer or summary judgment motion, and all that's left is an adjudication of possible costs. If we were to determine that we had jurisdiction, why wouldn't we have to reverse and require the district judge to allow plaintiff's motion to dismiss his own claim? That's a good question, Your Honor. I understand that rule to say this — I understand it the way you understand it. That issue was not certified for appeal. I can't tell. I just looked at the COA again, and it says, we grant the certificate as to the following issue, whether the district court abused its discretion when it denied appellant's motion for stay in abeyance. And when I read the motion for stay in abeyance, it says, I want stay in abeyance or else dismissal without prejudice. Or alternatively a dismissal. The motion for stay in abeyance is separate from a request for dismissal or, as you noted, a statement of dismissal. Well, he didn't use the word dismissal either. He said, I want it back. He said, I want it back. But we construe that liberally in favor of — so that would be — Correct. He didn't want to have to type it again. He said, send me my original back. Right, exactly. Well, he had handwritten it, and that was the only copy he had as far as I understand. Again, though, he was not prejudiced by any failure to dismiss because he did two things. Number one, he could have dismissed it of his own accord under that rule. And number two, before the government filed a response. Instead, the government filed a response, not having heard anything different from the district court, and Hathcott filed a traverse. This is while the stay in abeyance motion was pending. He also had, again, ample time to — almost a year left before the district court stepped over to file an amended petition or move to amend his petition because by that time the government had filed a response, and he failed to do so. So the issue of whether the district court considered his implied request for dismissal, there was no prejudice by that decision, and so I don't think the proper course would be reversal. Can we reach that issue? It didn't seem to be raised until the opening brief here. Well, again, it seems to me that it was not an issue that was certified on appeal. But could we expand the certificate of appealability at this point, even though it's raised? It appears, from my review of the record, the first time here on appeal. I'm uncertain of the answer to that. I would assume perhaps the parties would be given a further chance to brief. And prepare for that particular issue. Play this out for me. If we were to conclude that we don't have any jurisdiction to hear any of this, what happens next? Where does it go? How does it play out? He has a pending petition in the district court. Right. With some exhausted claims. With two exhausted claims, exactly. And he would wait for the response from the district court on those two claims. It has been a while, and I can only guess as to why it's been a while. It could be because the district court is waiting for the Santa Bay situation to clear up, or because the district court was waiting for him to amend with the claims that he did end up exhausting, and he never did. So I'm unsure of why. So in your view, are the new exhausted claims out because of the running of the statute against them? Again, this Court in Jackson v. Roe left that to the district court to consider, the relation back doctrine and the statute of limitations. So I'm not certain of whether this court should remand and have the district court not consider those two issues, or consider those two issues, assuming the statute of limitations is acceptable. But it has passed at this point. Can you add to our understanding of what the unexhausted claims are all about? I'm sorry. Could you repeat the question? Can you add to our understanding of what the unexhausted claims are all about? Certainly, Your Honor. One of the co-defendants made a statement to the police officers regarding what occurred during this drug operation, and the officer testified regarding those statements, and defense counsel did not object on hearsay grounds, and that is the claim that he is raising, that he, under the Confrontation Clause, that he did not have the right to confront his co-defendant directly, that the testimony came in through the officer. So he's raising that claim, and then he's raising a related IAC claim based on the defense counsel's failure to object on hearsay grounds and appellate counsel's failure to include the issue in his petition. And his only ground for saying, none of this passage of time should be held against me as I was ignorant of the law. Is there any merit to that argument? Is that what you're asking? No, his only excuse is, I didn't understand the law. That's why I didn't raise these earlier. These aren't newly discovered. These are not newly discovered, Your Honor. And that becomes very clear if you take a look at his state habeas petition. It clearly shows he was aware of the claims at the time counsel filed his appellate brief, and explaining why the new issues were not first raised on direct appeal. He specifically says that his appellate counsel did not wish to raise the issues. He says nothing about being unaware of the claims or of their existence or of the facts supporting them. So these are absolutely not newly discovered. And Havecock's claim of ignorance of the law does not assist him in light of the recent case of Gluten v. Kirkland, which I included in my supplemental letter of supplemental authorities. Any further questions? Thank you, counsel. Thank you very much. I think we exhausted the time, but I can't remember, did we? Thank you, counsel. Thank you. Havecock v. Beal is submitted. We'll hear Legion v. Creative Leather. Legion Creative Leather v. Belts by Nadine.
judges: Trott, Kleinfeld, Ikuta